**UNITED STATES of America**

v.

**Tongsun PARK, Defendant.**

**No. 05 Crim. 59(DC).**

United States District Court, S.D. New York.

June 1, 2009.

David E. McCraw, Esq., Vice President and Assistant General Counsel, New York, NY, for the New York Times Company.

## MEMORANDUM DECISION

CHIN, District Judge.

In this case, I initially sentenced defendant Tongsun Park to sixty months' im-

prisonment. The Government thereafter moved pursuant to Fed.R.Crim.P. 35(b)(1) for Park to be re-sentenced, on the grounds that after his initial sentencing, he provided substantial assistance to the Government in its investigation of others. On February 7, 2008, I re-sentenced Park, reducing his sentence to thirty-seven months' imprisonment.

During the course of the re-sentencing proceedings, the parties discussed the nature and extent of Park's assistance to the Government. At the request of the parties, I sealed certain letters connected with the re-sentencing and transcripts of the proceedings. Subsequently, the New York Times (the "Times") requested that the letters and transcripts be unsealed. After the parties conferred, the Government consented to the public filing of the letters and transcripts, either entirely or in partially redacted form. The Times thereafter moved to intervene and sought the unsealing of certain of the redacted materials.

The Times's motion to intervene is granted. The information redacted from the sentencing letters and transcripts, however, shall remain under seal in the interest of the Government's ongoing investigation.

## BACKGROUND

### A. *Facts*

On July 13, 2006, following a jury trial, Park was convicted of participating in a conspiracy to violate federal law. The evidence showed, and the jury found, that Park and at least one other individual had acted in the United States as agents of the Government of Iraq, without prior notification to the Attorney General of the United States. The evidence also showed that Park was paid more than $2.5 million by the Iraqi government for his efforts.

After his conviction but before sentencing, Park agreed to cooperate with the Government in the investigation of others. In exchange for Park's cooperation, the Government agreed it would move, within one year of sentencing, for a reduction of Park's sentence pursuant to Rule 35(b)(1). On February 22, 2007, I sentenced Park principally to sixty months' imprisonment (the statutory maximum). I also imposed a forfeiture order of $1.2 million.

Eleven months later, on January 24, 2008, the Government submitted a letter—under seal—to the Court, pursuant to Rule 35(b)(1), requesting that the Court re-sentence Park in light of his substantial assistance to the Government. On January 29, 2008, Park's counsel submitted a letter, also under seal, requesting that the Court re-sentence Park to time-served based on his advanced age and deteriorating health. On February 1, 2008, the Court held a re-sentencing proceeding. The Court questioned the level of assistance Park had provided to the Government and asked whether "anyone want[ed] to supplement the government's letter." (2/1/08 Tr. at 9). The Government endeavored to do so orally, but the Court requested additional briefing on the extent of Park's assistance to the Government. (*Id.* at 22). Also, the parties disputed whether the Court could consider other sentencing factors, such as Park's age and declining health, in addition to Park's assistance to the Government in reducing his sentence. The Court adjourned Park's sentencing to allow the parties time to submit letters detailing their respective arguments. Before adjourning the proceeding, the Court granted defense counsel's request to seal the transcript of the proceeding. (*Id.* at 24).

On February 6, 2008, the Government submitted, under seal, its response to the Court's request for additional information on the scope of Rule 35. On February 7,

2008, the Government submitted a letter to the Court, also under seal, detailing Park's assistance. That same day, the Court continued Park's re-sentencing proceeding. At the outset, the Court granted defense counsel's request to seal the Courtroom. After discussing Park's assistance to the Government, the Court granted the Government's Rule 35 motion and determined that it was proper to consider the Section 3553(a) sentencing factors in addition to Park's assistance to the Government. *See United States v. Park,* 533 F.Supp.2d 474 (S.D.N.Y.2008). The Court re-sentenced Park to thirty-seven months' imprisonment. (2/7/08 Tr. at 14).

## B. *Procedural History*

On September 26, 2008, the Times requested that the Court unseal the letters and transcripts under seal in this case. On September 29, 2008, the Court ordered the Government, the Times, and Park's counsel to discuss the unsealing request and endeavor to reach an agreement to make the documents public in partially redacted or unredacted form.[1] The Court directed the Times to file a formal motion if a satisfactory agreement could not be reached. Subsequent to the parties' discussions, the Government, with the consent of the Times and Park's counsel, requested that the Court unseal certain documents in their entirety and others in redacted form. The documents were made public as follows:

(1) Government's January 24, 2008 Rule 35 motion (partially redacted);

(2) Defense counsel's January 29, 2008 response to the Government's motion (partially redacted);

(3) February 1, 2008 Court transcript (partially redacted);

(4) Government's February 6, 2008 letter responding to the Court's request for additional information on the scope of Rule 35 (entirely unsealed);

(5) Government's February 7, 2008 letter responding to the Court's request for additional information on Park's assistance (partially redacted);

(6) Defense counsel's letter dated February 6, 2008 regarding the proper scope of a Rule 35 motion (entirely unsealed);

(7) Defense counsel's February 7, 2008 letter responding to the Government's letter regarding the proper scope of a Rule 35 motion (entirely unsealed); and

(8) February 7, 2008 Court transcript (partially redacted).

On January 5, 2009, the Times moved to intervene in this case to assert the public's right of access to the redacted information under seal. The Times does not seek the unsealing of information pertaining to Park's health and medical condition. Accordingly, the sealed information at issue includes:

(1) the redactions on page 2 of the Government's January 24, 2008 letter;

(2) the redactions on pages 9–11 of the February 1, 2008 transcript;

(3) the redactions on pages 1–3 of the Government's February 7, 2008 letter; and

(4) the redactions on pages 9–13 of the February 7, 2008 transcript.

---

**1.** In the September 29, 2008 order, the Court recognized that it did not follow the "procedures for providing notice to the public that must be followed before closing a proceeding to which the public has a right to attend." *United States v. Alcantara,* 396 F.3d 189, 199 (2d Cir.2005).

The Government opposes the motion to unseal the information. In addition to its memorandum of law in opposition to the Times's motion, the Government has submitted the declaration of Assistant United States Attorney Pablo Quiñones for the Court's *in camera* review. The four documents listed above are attached in unredacted form to the declaration. The declaration specifies the redactions made and the basis for the redactions. Park, through his counsel, also opposes the Times's motion.

## DISCUSSION

### A. The Times May Intervene

■ A motion to intervene is appropriate to assert the public's right of access to criminal proceedings. *United States v. Aref*, 533 F.3d 72, 81 (2d Cir.2008); *In re Herald Co.*, 734 F.2d 93, 102 (2d Cir.1984). Accordingly, the Times's motion to intervene in this case to assert the public's right of access to the sealed information is granted.

### B. The Redacted Information Shall Remain Under Seal

#### 1. The Right of Access

■ Pursuant to the First Amendment, the public has a "qualified ... right to attend judicial proceedings and to access certain judicial documents." *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir.2004); *see also Press–Enterprise Co. v. Superior Court of Cal.*, 478 U.S. 1, 9, 106 S.Ct. 2735, 92 L.Ed.2d 1 (1986); *In re New York Times Co.*, 828 F.2d 110, 114 (2d Cir.1987). Similarly, under common law, the public has a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Comms, Inc.*, 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978). "Transparency is pivotal to public perception of the judiciary's legitimacy and independence." *Aref*, 533 F.3d at 83.

■ The Second Circuit has held that "a qualified First Amendment right of public access attaches to sentencing proceedings." *United States v. Alcantara*, 396 F.3d 189, 199 (2d Cir.2005). The applicability of the First Amendment, however, is not dispositive. If the right of access applies, the proceedings or documents are not automatically made public. "Proceedings may be closed and ... documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *In re New York Times*, 828 F.2d at 116 (internal quotations omitted); *see also United States v. Raybould*, 130 F.Supp.2d 829, 833 (N.D.Tex.2000) (The reasons for sealing should "be articulated in detail, based on allegations of specific facts, not generalities and conclusions, and [ ] require that the facts upon which the motion to seal is based be verified by the affidavit or declaration of a person or persons having personal knowledge of the facts."). When appropriate, the Court's findings may be entered under seal. *In re New York Times*, 828 F.2d at 116.

■ Under common law, judicial documents carry a presumption of access measured by how relevant the document is to the exercise of judicial power "and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir.1995). The presumption of access to the document is balanced against the countervailing interests specific to the facts of the case. *See Lugosch v. Pyramid Co.*, 435 F.3d 110, 120 (2d Cir.2006). The countervailing factors a court may consider include the danger of impairing law en-

forcement, judicial efficiency, and privacy interests. *Id.* at 123.

### 2. *The Right Of Access Is Outweighed*

■ The parties agree that the right of access applies to the letters and transcripts at issue in this case. The parties dispute, however, whether the redacted information should remain under seal. The Times argues that the sealed information exceeds the limits of the applicable law because the redactions lack specificity and more than a year has passed since Park was re-sentenced. I have reviewed the information under seal and the declaration of Assistant United States Attorney Pablo Quiñones. Compelling reasons exist to maintain the secrecy of the Government's investigation. The need for confidentiality of the investigation outweighs the public's qualified constitutional and common law rights of access to the information.

In *United States v. Milken,* 780 F.Supp. 123 (S.D.N.Y.1991), redactions were made to both the Government and defendant's Rule 35 submissions to the Court. The Court held

> that the public should have access to *information as to the general nature and extent of defendant's cooperation,* if disclosure can be made without jeopardizing ongoing or future investigations, but *information that identifies the target, subject or status of a particular government investigation* must be redacted, so long as that information has not previously been publicly revealed.

*Id.* at 127 (emphasis in original). I apply the same principles to this case.

For the following reasons, I conclude that the pursuit of law enforcement outweighs the public's right of access to the sealed information. First, the Government's investigation is ongoing. The Times argues that the Government's inves-

tigation must not still be at a "sensitive point" because more than a year has passed since the Government filed its sealed letters and the sentencing proceedings took place. The Government, however, is continuing its investigation and anticipates presenting the case to a grand jury for indictments. I find, based on this information as well as my *in camera* review of the Quiñones declaration, that the non-public nature of the investigation remains crucial to its overall success.

Second, the sealed information identifies the subject matter and status of the investigation. The sealed information details the manners in which Park has assisted the Government in its investigation, including dates, descriptions of targets and witnesses, and evidence collected. Although the targets of the investigation are not identified by name, their positions are described and the descriptions could reveal their identities. The nature of the investigation would also be revealed. Unsealing the redacted information would eviscerate the Government's ability to continue its covert investigation.

Third, the sealed information is narrowly tailored. The Times argues that the redacted information is not specific enough to warrant sealing. During the February 1, 2008 proceeding, the Court commented that "[i]t is a little hard . . . to tell from a two-and-a-half-page letter how much assistance has been provided." (2/1/08 Tr. at 9). The Court's concern with the extent of information about Park's assistance does not mean that the confidentiality of the information is not crucial to the ongoing investigation. The inquiries are entirely different. The information about Park's assistance may not be lengthy, but it is specific. Moreover, much of the material that was originally sealed has now been produced, and only limited portions remain redacted. The Times also questions the

"wholesale redaction" of the Government's February 7, 2008 letter. Although all substantive information has been redacted from the letter, such redaction is necessary in this case. The letter was written for the sole purpose of informing the Court of Park's assistance to the Government. No information redacted from the letter could be unsealed without impairing the Government's investigation.

In this case, the Government "supported the need to keep the [letters and transcripts] sealed" through a declaration … made by a person with "personal knowledge"; the Court "was made aware of particular facts and circumstances germane to the issues in this case; and … the Government made a sufficient showing that disclosure of the information sought would impair [the ongoing investigation] in substantial ways." *Aref,* 533 F.3d at 82. For all of these reasons, the information shall remain under seal.

### CONCLUSION

The Times's motion to unseal the redacted information in this case is denied. The Government's interest in the ongoing investigation outweighs the public's right of access to the sealed information. Moreover, the sealed information is narrowly tailored. Accordingly, the information shall remain under seal.

SO ORDERED.